STATE OF NEW JERSEY, EX REL. JOSEPH A. CONWAY, RELATOR, v. WILLIAM J. DEVEREUX ET AL., THE CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, RESPONDENTS.

Submitted December 3, 1923—Decided March 12, 1924.

**Public Offices—Constables Acting as Sergeant-at-Arms of District Courts in First-Class Counties—Compensation Provided by L. 1923, c. 203.**

On application for *mandamus*.

Before Justices CAMPBELL and TRENCHARD.

For the relator, *William F. Burke*.

For the respondents, *Thomas F. McCran*, attorney-general.

PER CURIAM.

This is a rule to show cause why a writ of *mandamus* should not issue.

The relator is a constable of the county of Hudson attached to the District Court of the first judicial district of that county, and is the acting sergeant-at-arms of that court.

Under chapter 203 (*Pamph. L.* 1923) the salary of the sergeants-at-arms of District Courts, in counties of the class of Hudson, is $1,500 per year.

Such act further provides: "That if there are any constables in any of the aforesaid counties now acting as such sergeant-at-arms, they shall receive the same compensation as herein provided for, for sergeants-at-arms. Said sums to be paid semi-monthly, by the county treasurer of any county in which the judicial district may be established."

From the stipulated facts relator is entitled to the benefit of the foregoing statute, and on August 1st, 1923, presented to respondents a certificate of his appointment as constable acting as sergeant-at-arms of the aforesaid District Court or

payroll in the form required by respondents showing the salary of $62.50 for the term from July 15th, 1923, to August 1st, 1923, and requested respondents to certify the said salary and direct the county treasurer of Hudson county to pay the same. This respondents refused to do, and hence this application for a writ of *mandamus* to compel such certification.

We think relator is clearly entitled to a peremptory writ of *mandamus,* and such writ may therefore be issued.